RAFELLO TUBELLO, ADMINISTRATOR, DEFENDANT IN ERROR, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 4, 1902—Decided June 16, 1902.

Whether a gateman, by raising the safety gates at a railroad crossing, permitted an infant of six and a half years to pass on to the tracks at a time when the approach of a locomotive was concealed by a passing train, and whether such act, if proved, was, under the circumstances, an exercise of reasonable care, are questions that call for the verdict of a jury.

On error to the Circuit Court.

For the plaintiff in error, McGee & Bedle.

For the defendant in error, Samuel Kalisch.

The opinion of the court was delivered by

GARRISON, J. The plaintiff's intestate, a boy six and a half years of age, while crossing the tracks of the defendant, was struck by a locomotive engine and killed. In an action for damages for causing the infant's death it was incumbent upon the plaintiff to point out and to prove some act of the defendant's servants that was at once negligent and the cause of the infant's death. The act ascribed to the defendant by the plaintiff's pleadings and proofs in the present case was the raising of its safety gates at a time when the infant was waiting to cross its tracks and when an approaching locomotive rendered the crossing of the tracks by an infant palpably dangerous. The jury found that the gates were, in point of fact, raised by the gateman. To render the raising of the gates actionable negligence the age and situation of the infant and the circumstances of the particular case must be taken into consideration. The boy lacked some months

of being seven years old, and he was, in company with his mother, awaiting the raising of the gates in order to pass on to and over the tracks; other circumstances were that a train which had just passed partly hid an approaching locomotive and also, by its noise, tended to obscure it. Whether, under these circumstances, all of which were within the observation of the gateman, the raising of the gates was an exercise of reasonable care upon his part was a question of fact that called for the verdict of a jury.

Whether the infant himself was negligent was also a jury question. The motion to nonsuit the plaintiff and the motion to direct a verdict for the defendant were each properly refused. These being the only points presented on behalf of the defendant in error, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 16.

*For reversal*—None.